UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR SEHIC, | No. 2:12-cv-3030 DAD |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM VAN ANDERSON; MAYUKA S. ANDERSON, | |
| Defendants. | |

All of the parties in the above-captioned case are proceeding pro se and have consented to magistrate judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 4-6.) Accordingly, by order filed March 12, 2013, the action was reassigned to the undersigned.

On May 24, 2013, the parties appeared before the court, negotiated a voluntary settlement agreement and placed the material terms of that settlement agreement on the record in open court. Pursuant to the settlement agreement voluntarily entered into by the parties, plaintiff was to memorialize the settlement agreement and file a notice of voluntary dismissal of this action within thirty days.

Thereafter, on July 29, 2013, the parties appeared before the undersigned for hearing of plaintiff's motion to file an amended complaint and motion for a preliminary

1    injunction.  (Doc. No. 34.)  The court denied those motions as having been rendered moot by the
2    parties' settlement agreement and ordered plaintiff to file within fourteen days both a signed
3    settlement agreement and a notice of voluntary dismissal or a fully-supported motion seeking to
4    withdraw from the parties' settlement agreement that was placed on the record in open court on
5    May 24, 2013.  (Doc. No. 34.)  On August 9, 2013, plaintiff filed a motion seeking to withdraw
6    from the settlement agreement.  (Doc. No. 36.)  Each of the parties appeared telephonically before
7    the court on October 11, 2013, for hearing of plaintiff's motion.

8            Having reviewed the parties' filings and considered the arguments made at the
9    October 11, 2013 hearing, for the reasons explained in more detail on the record, it is clear to the
10   court that there is no dispute over any of the materials terms of the settlement agreement reached
11   and entered into by all parties in open court on May 24, 2013.  Moreover, all of the material terms
12   of that settlement agreement have been performed with the sole exception being plaintiff's refusal
13   to submit a notice of voluntary dismissal of this action.  By refusing to voluntarily dismiss this
14   action as he agreed to in exchange for certain actions on the part of the defendants, all of which
15   have been completed, plaintiff is in violation of the settlement agreement placed on the record in
16   open court on May 24, 2013.

17           Accordingly, the court will exercise its authority to enforce the terms of the
18   settlement agreement voluntarily entered into by the parties and dismiss this action.  The court
19   will also retain jurisdiction to enforce the material terms of that agreement which was entered into
20   by the parties and placed on the record in open court on May 24, 2013.  See Henderson v. Yard
21   House Glendale, LLC, 456 Fed. Appx. 701, 702 (9th Cir. 2011)[1] ("The district court did not
22   abuse its discretion in enforcing the settlement agreement after [plaintiff] entered into it on the
23   record in open court, but later refused to execute a formal agreement to dismiss the action[.]");
24   Doi v. Halekulani Corp., 276 F.3d 1131, 1140-41 (9th Cir. 2002) (affirming the enforcement of
25   the material terms of a settlement agreement reached in open court); Callie v. Near, 829 F.2d 888,
26   890 (9th Cir. 1987); Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978) ("a litigant can no

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

more repudiate a compromise agreement than he could disown any other binding contractual relationship"); see also Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004); RE/MAX Intern., Inc. v. Realty One, Inc., 271 F.3d 633, 650 (6th Cir. 2001); Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988); Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095 (8th Cir. 1988); Clinton St. Greater Bethlehem Church v. City of Detroit, 484 F.2d 185, 189 (6th Cir. 1973) ("a settlement is as binding, conclusive and final as if it had been entered in a judgment").

Accordingly, upon consideration of the parties' arguments on file and at the hearing, and for the reasons set forth in detail on the record, IT IS HEREBY ORDERED that:

1. Plaintiff's August 9, 2013 motion to withdraw (Doc. No. 36) is denied;

2. This action is dismissed with prejudice; and

3. This court shall retain jurisdiction to enforce the material terms of the parties' May 24, 2013 settlement agreement.

Dated:  October 18, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\sehic3030.oah.101113