UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR SEHIC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM VAN ANDERSON;<br>MAYUKA S. ANDERSON,<br><br>　　　　　Defendants. | No.  2:12-cv-3030 DAD<br><br><br>ORDER |

All of the parties in the above-captioned case are proceeding pro se and have consented to magistrate judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (Dkt. Nos. 4-6.)  Accordingly, by order filed March 12, 2013, the action was reassigned to the undersigned.  (Dkt. No. 7.)

On May 24, 2013, the parties appeared before the court, negotiated a voluntary settlement agreement and placed the material terms of that settlement agreement on the record in open court. On October 18, 2013, the undersigned issued an order denying plaintiff's motion to withdraw from the settlement agreement, dismissing the action with prejudice, and retaining jurisdiction to enforce the material terms of the May 24, 2013 settlement agreement.  (Dkt. No. 44.)

/////

/////

1

1    On October 28, 2013, plaintiff filed a notice of appeal of the order denying his motion to
2 withdraw from the settlement agreement. (Dkt. No. 45.) On January 5, 2015, defendants filed a
3 request to enforce the settlement agreement, (Dkt. No. 49), which plaintiff has opposed. (Dkt.
4 No. 50.)

5    "The filing of a notice of appeal is an event of jurisdictional significance – it confers
6 jurisdiction on the court of appeals and divests the district court of its control over those aspects
7 of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58
8 (1982). See also Small v. Operative Plasterers' and Cement Masons' International Ass'n Local
9 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010) ("Because the filing of a notice of appeal . . .
10 confers jurisdiction on the court of appeals and divests the district court of its control over those
11 aspects of the case involved in the appeal, we conclude that the district court lacked jurisdiction to
12 modify the injunction.").

13    Accordingly, during the pendency of plaintiff's appeal, the court lacks jurisdiction to rule
14 upon defendants' request to enforce the terms of the settlement agreement entered into by the
15 parties. See Cashman Equipment Corp. v. Rozel Operating Co., Civil Action No. 08-363, 2013
16 WL 5152823, at *2 (M.D. La. Sept. 12, 2013) ("Cashman's notice of appeal divested this court of
17 all jurisdiction over matters brought on appeal. Cashman seeks appellate review of this court's
18 interpretation of the parties' settlement agreement regarding the Continental funds, which is
19 incorporated into the judgment. Therefore, this court lacks jurisdiction to rule upon Rozel and
20 Stokes' motion which seeks enforcement of the court's interpretation of the settlement agreement,
21 and the motion is DISMISSED for lack of subject matter jurisdiction."); Morisch v. United States,
22 709 F.Supp.2d 672, 674 (S.D. Ill. 2010) ("If Mr. and Mrs. Morisch are indeed attempting to
23 appeal from the disposition of their claims against Kreisman in this Court, then it is quite likely
24 that the Court is without jurisdiction to address the instant motion" to enforce settlement
25 agreement).
26 /////
27 /////
28 /////

If appropriate following resolution of plaintiff's appeal, defendants' may renew their request through the filing of a noticed motion to enforce the terms of the settlement agreement.

IT IS SO ORDERED.

Dated:  February 11, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\sehic3030.enfor.settl.ord.docx